# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL VINCENT CISNEROS, | CASE NO. 1:11-cv–01297-LJO-BAM PC |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON COGNIZABLE CLAIMS |
| v. | |
| DR. M. DHAM, et al., | (ECF No. 1) |
| Defendants. | THIRTY-DAY DEADLINE |

**I.     Screening Requirement**

Plaintiff Michael Vincent Cisneros is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is the complaint, filed August 5, 2011. (ECF No. 1.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)).

1     Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678-79, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949; Moss, 572 F.3d at 969.

Further, under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555, 127 S. Ct. 1955).

## II.     Complaint Allegations

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and is incarcerated at Kern Valley State Prison. Plaintiff brings this action against Defendants Dham, Bondoc, Neubarth, and McCabe alleging deliberate indifference to his medical needs and failure to protect[1] in violation of the Eighth Amendment and state law claims.

While housed at Corcoran State Prison, Plaintiff was prescribed Gabapentin for back pain by Defendant McCabe. Plaintiff alleges that Gabapentin is not supposed to be prescribed for back pain and one of the side effects is blurred vision. (Compl. 2, ECF No. 1.) Plaintiff immediately began to experience blurred vision and submitted a medical services request. On November 3, 2009, Plaintiff was seen by Nurse Barrera, who diagnosed Plaintiff's problem as dry eye and prescribed

---

[1] Plaintiff brings this action alleging deliberate indifference to serious medical needs and failure to protect. The failure to protect claim is based upon the failure to change Plaintiff's medication. Although Plaintiff brings this as a separate claim it is a deliberate indifference to serious medical needs claim also.

2

1   eye drops. (Id. at 3.)

2   Plaintiff's vision continued to worsen and on November 19, 2009, Plaintiff submitted another medical services request. Plaintiff was seen by Nurse Barrera on November 23, 2009, and was referred for follow up with a physician. On November 25, 2009, Plaintiff was seen by Defendant Dham and expressed his concern that the vision problems could be due to the medication he was taking and asked to switch medications. Defendant Dham refused to check for the side effects of the medication and did not change his medication. Defendant Dham told Plaintiff the loss of vision was due to old age and referred Plaintiff to optometry. (Id.)

On December 6, 2009, Plaintiff was seen by Defendant Bondoc and again expressed his concern that the vision loss could be due to side effects of the medication he was taking for back pain and asked to switch medications if blurred vision was a side effect of the medication. Defendant Bondoc refused to check the side effects of the medication, told Plaintiff that his vision loss was due to old age and refused to change medications. Defendant Neubarth signed off on the medication on January 6, 2010. (Id.) On December 14, 2009, Plaintiff expressed his concern to Defendant Neubarth that the vision loss was due to the Gabapentin because the vision problem had occurred right after he had begun taking the medication and requested to be switched to a different medication. Defendant Neubarth failed to check the medications side effects and did not switch Plaintiff's medication. Plaintiff's Gabapentin was refilled and the dosage was increased by Defendant Neubarth. (Id. at 4.)

On January 19, 2009, Plaintiff was seen by optometry and was prescribed glasses for blurred vision. On February 23, 2010, Plaintiff put in a request for medical services stating that his vision was continuing to get worse. On February 24, 2010, Plaintiff submitted another medical services request stating that he was losing his vision and thought that his pain medication may be the reason and asked to switch medication. (Id.)

On March 1, 2010, Defendant Neubarth continued Plaintiff's prescription for Gabapentin after Plaintiff requested a different medication and expressed his concern that his loss of vision was due to the medication. Plaintiff was taken off the medication on April 28, 2010, after filing an appeal which resulted in a finding that Plaintiff was bi-polar and his concerns warranted the

3

prescription to be discontinued. (Id.)

Plaintiff alleges that Defendants Dham, Bondoc, and Neubarth ignored his complaints of vision loss and requests to change medication due to their preconceived ideas that inmates only want opiates as pain medication so they can get high, opiates cost more, and the unofficial orders of "higher ups." Plaintiff states that he has suffered permanent impairment of his vision. (Id. at 5.)

Plaintiff's complaint states a claim for deliberate indifference to serious medical needs against Defendant Neubarth but fails to state any other cognizable claims.

### III. Discussion

#### A. Deliberate Indifference

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs."" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096.

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. Simmons v. Navajo County, Arizona, 609 F.3d 1011, 1018 (9th Cir. 2010). "Deliberate indifference is a high legal standard." Simmons, 609 F.3d at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer v. Brennan, 511 U.S. 825, 837, 114 S. Ct. 1970, 1979 (1994).

Plaintiff's claim that he was suffering from increasingly worsening loss of vision which has become permanent is sufficient to allege a serious medical need.

#### 1. Defendant McCabe

Plaintiff's allegation that Defendant McCabe prescribed Gabapentin for his back pain fails to state a cognizable claim. Defendant McCabe prescribed Gabapentin to treat Plaintiff's chronic back pain. Plaintiff's disagreement with the decision to treat back pain with Gabapentin is

insufficient to state a cognizable claim. Franklin v. Oregon, 662 F.2d 1337, 1355 (9th Cir. 1981); Mayfield v. Craven, 433 F.2d 873, 874 (9th Cir. 1970).

Even if Defendant McCabe was aware that loss of vision was a potential side effect of Gabapentin, there are no facts alleged to show that Defendant McCabe would be aware that Plaintiff would suffer from loss of vision prior to being prescribed the drug. As alleged in the complaint, Defendant McCabe only treated Plaintiff on this one occasion. Plaintiff has failed to show that Defendant McCabe was aware that Plaintiff suffered from a serious risk of harm and failed to adequately respond. Simmons, 609 F.3d at 1018.

### 2.     Defendant Dham

When Plaintiff saw Defendant Dham on November 25, 2009, Defendant Dham told Plaintiff the loss of vision was due to old age and referred Plaintiff to optometry. (Id.) While Plaintiff questioned whether his loss of vision could be due to the medication he was taking, Defendant Dham thought Plaintiff was suffering from the effects of aging and acted accordingly. Defendant Dham's misdiagnosis does not state a cognizable claim for deliberate indifference. Wilhelm v. Rotman, 680 F.3d 1113, 1123 (9th Cir. 2012). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106, 97 S. Ct. at 292. Even gross negligence does not rise to the level of deliberate indifference. Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990). Further, Defendant Dham did respond to Plaintiff's complaints of vision loss by referring Plaintiff to optometry. Plaintiff fails to show that Defendant Dham acted with the requisite state of mind to state a claim for deliberate indifference.

### 3.     Defendant Bondoc

Plaintiff was seen by Defendant Bondoc on December 6, 2009, and he expressed concerns that his vision problems could be because of his medication. Plaintiff asked to have his medication switched if vision loss was a side effect of the medication. Defendant Bondoc told Plaintiff that his blurred vision was a result of old age. Plaintiff's request to have the medication changed if blurred vision was a side effect of the medication is insufficient to show that Defendant Bondoc acted with the requisite state of mind to state a deliberate indifference claim. Defendant Bondoc's misdiagnosis does not state a cognizable claim for deliberate indifference. Wilhelm, 680 F.3d at 1123. Plaintiff

fails to state a cognizable claim against Defendant Bondoc.

### 4. Defendant Neubarth

When Plaintiff was seen by Defendant Neubarth on December 14, 2009, he informed Defendant Neubarth that the vision problems started when he began taking the Gabapentin. Defendant Neubarth did not change his medication. Plaintiff saw Defendant Neubarth again on March 1, 2010, and again expressed his concern that the medication was causing his vision loss and Defendant Neubarth refused to change his medication. Plaintiff's allegation that he informed Defendant Neubarth that the vision problems began when he started taking the Gabapentin and Defendant Neubarth failed to change his medication are sufficient at the pleading level to state a cognizable claim for deliberate indifference to serious medical needs.

### B. State Law Claims

Plaintiff brings this action alleging a violation of California Civil Code Section 52, Failure to Provide Medical Care, and California Civil Code Section 51, Emotional Distress.[2] The California Tort Claims Act[3] requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2010). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. State v. Superior Court of Kings County (Bodde), 90 P.3d 116, 119 (Cal. 2004); Shirk v. Vista Unified School District, 42 Cal.4th 201, 209 (2007). To state a tort claim against a public employee, a plaintiff must allege compliance with the California Tort Claims Act. Cal. Gov't Code § 950.6; Bodde, 90 P.3d at 123. "[F]ailure to allege facts demonstrating or excusing compliance with the requirement subjects a complaint to general demurrer for failure to state a cause of action." Bodde, 90 P.3d at 120. Plaintiff has failed to allege

---

[2] California Civil Code Section 51 is the Unruh Civil Rights Act and prohibits discrimination. Section 52 of the Civil Code addresses the liability of individuals under Section 51.

[3] The Court recognizes that in City of Stockton v. Superior Court, 42 Cal.4th 730, 742 (Cal. 2007), California's Supreme Court adopted the practice of referring to California's Tort Claims Act as the Government Claims Act. However, given that the federal government has also enacted a Tort Claims Act, 28 U.S.C. § 2671, the Court here refers to the Government Claims Act as the California Tort Claims Act in an effort to avoid confusion.

compliance with the California Tort Claims Act and fails to state a cognizable claim. If Plaintiff chooses to amend his complaint he will need to allege facts sufficient to show he has complied with the requirements of the California Tort Claim Act to bring state law claims.

### 1. Failure to Provide Medical Care

To the extent that Plaintiff is attempting to raise a failure to provide medical care under California Government Code Sction 845.6, in order to state a claim under Section 845.6, "a prisoner must establish three elements: 1) the public employee knew or had reason to know of the need (2) for immediate medical care, and (3) failed to reasonably summon such care." Jett v. Penner, 439 F.3d 1091, 1099 (9th Cir. 2006). Liability for failure to obtain medical care is limited to serious and obvious medical conditions requiring immediate care. Lawson v. Superior Court, 180 Cal.App.4th 1372, 1384-85 (App. Ct. 2010). "[S]ection 845.6 provides both public entities and employees immunity where they fail to furnish or obtain medical care for a prisoner, other than when the prisoner is in need of immediate medical care." County of Sacramento v. Superior Court, 8 Cal.3d 479, 483, n.3 (1972).

Plaintiff's medical issues are ongoing and his claims arise for the failure to properly treat his medical condition. Because the facts do not involve a situation in which immediate care was required for a sudden serious medical need, Plaintiff's section 845.6 claims fail as a matter of law.

### 2. Emotional Distress

Plaintiff alleges that Defendants caused him to suffer vision loss for the rest of his life which causes him emotional distress. Further Plaintiff states that he has to worry about wearing glasses, the costs of wearing glasses, being "lower on the totem pole of 'Alpha dog' to women's subconscious for potential breeding,'" and being called "four eyes," "goggle face," and other names. (ECF No. 1 at 9.) Although Plaintiff states this as a cause of action, the allegations do not state a claim for relief, but goes to his damages.

### C. Declaratory Relief

In addition to money damages, Plaintiff seeks a declaration that his rights were violated. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village,

333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985). In the event that this action reaches trial and the jury returns a verdict in favor of Plaintiff, that verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that Defendants violated Plaintiff's rights is unnecessary, and this action shall proceed as one for money damages only.

## IV.    Conclusion and Order

Plaintiff's complaint states a cognizable claim against Defendant Neubarth for deliberate indifference to serious medical needs in violation of the Eighth Amendment, but does not state any other claims for relief under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only against Defendant Neubarth on the deliberate indifference claim, Plaintiff may so notify the Court in writing. The other defendants and state law claims will then be dismissed for failure to state a claim. Plaintiff will then be provided with one summons and one USM-285 form for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process on Defendant Neubarth.

If Plaintiff elects to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 129 S. Ct. at 1948-49; Jones, 297 F.3d at 934. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted). The mere possibility of misconduct is insufficient to state a claim. Iqbal, 129 S. Ct. at 1950. Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc.,

114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:
   a. File an amended complaint curing the deficiencies identified by the Court in this order, or
   b. Notify the Court in writing that he does not wish to file an amended complaint and is willing to proceed only against Defendant Neubarth; and
3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **August 28, 2012**              **/s/ Barbara A. McAuliffe**
                                          UNITED STATES MAGISTRATE JUDGE