UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL VINCENT CISNEROS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J. NEUBARTH,<br><br>　　　　Defendant. | Case No.: 1:11-cv-01297-LJO-BAM PC<br><br>ORDER DENYING MOTION TO PROCEED/SUMMARY JUDGMENT<br><br>(ECF No. 17) |

　　　Plaintiff Michael Vincent Cisneros ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, and found that it stated an Eighth Amendment claim against Defendant Neubarth for deliberate indifference to Plaintiff's medical needs. On October 6, 2012, the Court directed the United States Marshal to serve Defendant Neubarth with the complaint. (ECF No. 16.)

　　　On May 10, 2013, while service of the complaint was pending, Plaintiff filed the instant motion requesting that this action proceed or that the Court grant summary judgment based on Defendant Neubarth's failure to answer. (ECF No. 17.) Thereafter, on August 1, 2013, defense counsel appeared in this action and requested an extension of time to file a responsive pleading. (ECF No. 18.) To date, no return of service has been filed by the United States Marshal.

Based on defense counsel's appearance and request for an extension of time to respond to the complaint, the Court finds that Plaintiff's motion to proceed is no longer necessary and shall be denied as moot.  The action will proceed once Defendant Neubarth has an opportunity to respond to the complaint.

With regard to summary judgment, Federal Rule of Civil Procedure 56 contemplates that, prior to filing a motion for summary judgment, the opposing party should have a sufficient opportunity to discover information essential to its position.  Fed. R. Civ. P. 56(d); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).  In other words, the case must be sufficiently advanced in terms of pretrial discovery for the summary judgment target to know what evidence likely can be mustered and be afforded a reasonable opportunity to present such evidence.  Portsmouth Square, Inc., v. Shareholders Protective Comm., 770 F.2d 866, 869 (9th Cir.1985).  Until such time as Defendant has had the opportunity to conduct discovery, Plaintiff's motion is premature.  Once Defendant has filed an answer, a discovery order will be entered, and a deadline for the filing of dispositive motions will be set.

Based on the above, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to proceed is DENIED AS MOOT; and

2. Plaintiff's motion for summary judgment is DENIED AS PREMATURE.

IT IS SO ORDERED.

Dated:   **August 2, 2013**                        /s/ *Barbara A. McAuliffe*
                                                              UNITED STATES MAGISTRATE JUDGE