UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL VINCENT CISNEROS, | ) Case No.: 1:11-cv-01297-LJO-BAM (PC) |
| Plaintiff, | ) ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR AN ORDER COMPELLING DISCOVERY |
| v. | |
| J. NEUBARTH, | ) (ECF No. 34) |
| Defendant. | |

**I.      Background**

Plaintiff Michael Vincent Cisneros ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendant Neubarth for deliberate indifference to Plaintiff's medical needs in violation of the Eighth Amendment.

On April 25, 2014, Plaintiff filed a motion to compel answers to certain interrogatories and to produce documents. (ECF No. 34.) Following an extension of time, Defendant Neubarth opposed the motion on May 30, 2014. Plaintiff did not reply and the motion is deemed submitted. Local Rule 230(l).

///

///

1

## II. Motion to Compel

### A. Interrogatories

An interrogatory is a written question propounded by one party to another who must answer under oath and in writing. Interrogatories are limited to anything within the permissible scope of discovery, namely, any nonprivileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 33, 26(b)(1). The responding party is obligated to respond to the interrogatories to the fullest extent possible, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4). Generally, the responding party does not need to conduct extensive research in answering the interrogatory, but a reasonable effort to respond must be made. Evans v. Tilton, 2010 WL 1136216, at *6 (E.D. Cal. Mar. 19, 2010).

Plaintiff contends that Defendant Neubarth failed to properly respond to interrogatories (ROGs) 23, 24, and 25.

**ROG 23**: "To how many different inmates did you prescribe Gabapentin too (sic) in 2010?"

**Response**: "Defendant objects to this interrogatory on the grounds that it is overbroad as to scope and time, and not relevant to a claim or defense in this action, not reasonably calculated to lead to the discovery of admissible evidence, and calls for speculation. Without waiving these objections, Defendant responds as follows: Defendant does not recall."

**Ruling**: Plaintiff's motion to compel is denied. Although Plaintiff claims that CDC keeps records of what doctors prescribe, Defendant Neubarth is no longer an employee of the California Department of Corrections and Rehabilitation ("CDCR"). As such, Defendant Neubarth does not have access to medical records of inmates in CDCR's custody. Defendant Neubarth has asserted under penalty of perjury that he cannot recall, and he cannot be compelled to provide answers he does not recall or does not know. See, e.g., Calderon-Silva v. Evans, 2013 WL 4500654, *4 (E.D. Cal. Aug. 21, 2013) (noting that defendant may respond only based upon his personal knowledge); Lopez v. Cook, 2007 WL 2898568, *5 (E.D. Cal. Sept. 28, 2007) (court declined to order further responses to interrogatories based on defendants' representations that they did not know the requested information).

**ROG 24**: "In 2010 what would of (sic) you prescribed as a (sic) alternative of Gabapentin for the ailements (sic)/medical problems I had.  Example:  I had back pain and Gabapentin wasn't an option, what kind of pain medications would you have prescribed."

**Response**: "Defendant objects to this interrogatory on the grounds that it is overbroad as to scope and time, not relevant to a claim or defense in this action, not reasonably calculated to lead to the discovery of admissible evidence, assumes facts not in evidence and calls for speculation.  Without waiving these objections, Defendant responds as follows:  Defendant cannot speculate on how Defendant would have treated Plaintiff or possible alternative medication."

**Ruling**:  Plaintiff's motion to compel is denied.  Plaintiff claims that Defendant knows what else he could have prescribed because CDCR has a list of alternative medications.  However, Defendant properly objected to this interrogatory on the grounds that it calls for speculation and that it requires an assumption of facts.  Defendant cannot be compelled to state how he might have treated Plaintiff differently in 2010.

**ROG 25**: "In 2010 how many different perscriptions (sic) of opiate derived medications did you prescribe to inmates?  Example:  To how many different inmates did you prescribe (sic) pain medications in 2010 which derived from opiates?"

**Response**:  "Defendant objects to this interrogatory on the grounds that it is overbroad as to scope and time, not relevant to a claim or defense in this action, not reasonably calculated to lead to the discovery of admissible evidence, and calls for speculation.  The interrogatory is also compound in that the information sought in the two questions are not the same.  Without waiving these objections, Defendant responds as follows:  Defendant does not recall."

**Ruling**:  Plaintiff's motion to compel is denied.  Defendant properly objected this interrogatory as not relevant to claim or defense in this action and not reasonably calculated to lead to the discovery of admissible evidence.  Fed. R. Civ. P. 26(b)(1).  Further, Defendant cannot be compelled to provide answers he does not recall or does not know.  See, e.g., Calderon-Silva v. Evans, 2013 WL 4500654, *4 (E.D. Cal. Aug. 21, 2013) (noting that defendant may respond only based upon his personal knowledge); Lopez v. Cook, 2007 WL 2898568, *5 (E.D. Cal. Sept. 28, 2007) (court declined to order

further responses to interrogatories based on defendants' representations that they did not know the requested information).

### B. Request for Production of Documents

A party may serve on any other party a request within the scope of Rule 26(b) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody or control: any designated documents or any designated tangible things. Fed. R. Civ. P. 34(a)(1)(A), (B) (quotation marks omitted).

#### 1. Discussion

Plaintiff seeks to compel responses to production of document requests (PODs) 1, 2 and 1 (Set Two).

**POD 1**: "Defendants (sic) file as a (sic) employee of CDC."

**Response**: "Defendant objects to this request on the ground that it is overbroad as to scope and time, not relevant to a claim or defense in this action, and not reasonably calculated to lead to the discovery of admissible evidence, and calls for speculation. Defendant further objects to this request on the grounds that it seeks private and/or confidential information regarding Defendant that is protected under state law and the Constitutions of the State of California and the United States."

**Ruling**: Plaintiff's motion to compel is denied. Plaintiff argues that Defendant worked as a primary care provider and signed off on other doctors' recommendations, but Defendant denied a supervisorial role, which makes his file relevant. Plaintiff's argument lacks merit and does not demonstrate how disclosure of Defendant's entire employee file is relevant or likely to lead to admissible evidence regarding Plaintiff's claim of deliberate indifference. Further, Defendant properly objected to the request for production as overbroad.

**POD 2**: "Any lawsuits, disciplinary actions taken against J-Neubarth concerning his medical profession, encluding (sic) such things as 602s."

**Response**: "Defendant objects to this request on the grounds that it is overbroad as to scope and time, vague and ambiguous, not relevant to a claim or defense in this action, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on

the grounds that it seeks private and/or confidential information regarding Defendant that is protected under state law and the Constitutions of the State of California and the United States.  Defendant also objects to this request on the grounds that it seeks private and/or confidential information regarding other inmates who are not party to this action that is protected under state law and the Constitutions of the State of California and the United States."

**Ruling**: Plaintiff's motion to compel is denied.  Defendant properly objected to this request on the grounds that it is overbroad as to scope and time.  Plaintiff's argument that it is relevant if Defendant has been sued or complained against for similar acts or omissions does not overcome the overbroad scope of his discovery request.  There is no indication that Plaintiff attempted to narrow his request to seek documents relevant to a claim or defense in this action.

**POD 1 (Set Two)**: "Medical reference materials which Defendant used to research side effects of Gabapentin.  A copy of the side effects of Gabapentin.  Example:  In plaintiff's interrogatories and Response #9.  Defendant states "recalls researching the side effects of Gabapentin and found that it does not cause Myopia."

**Response**: "Defendant objects to this request on the grounds that it is overbroad as to scope and time, vague and ambiguous, not relevant to a claim or defense in this action, and not reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this request on the grounds that it does not comply with Federal Rule of Civil Procedure 34.  Without waiving these objections, Defendant responds as follows:  Defendant referred to Mosby's Medical Drug Reference. Defendant cannot violate the applicable copyright protections applicable to Mosby's Medical Drug Reference by making any unauthorized reproductions."

**Ruling**: Plaintiff's motion to compel is granted in part and denied in part.  Defendant has identified the relevant reference book and shall not be required to provide copies.  Although it is not clear that Defendant has asserted a meritorious objection based on copyright, the appropriate solution is for Defendant to provide the reference book (if available) for Plaintiff's inspection.  Fed. R. Civ. P. 34(a).

///

**II.     Conclusion and Order**

For the reasons stated, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to compel, filed on April 25, 2014, is GRANTED IN PART and DENIED IN PART.
2. Plaintiff's motion to compel Defendant Neubarth to provide further responses to interrogatories 23, 24, and 25 is DENIED;
3. Plaintiff's motion to compel Defendant Neubarth to produce documents in response to requests for production 1 and 2 is DENIED; and
4. Plaintiff's motion to compel Defendant Neubarth to produce documents in response to request for production 1 (Set Two) is GRANTED IN PART and DENIED IN PART.  To the extent the book identified and relied upon by Defendant is available, Defendant shall produce the book for Plaintiff's inspection within thirty (30) days of the date of this order.

IT IS SO ORDERED.

Dated:   **July 29, 2014**                         /s/ *Barbara A. McAuliffe*
                                                           UNITED STATES MAGISTRATE JUDGE