UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL VINCENT CISNEROS,<br><br>  Plaintiff,<br><br>  v.<br><br>DR. M. DHAM, et al.,<br><br>  Defendants. | Case No.: 1:11-cv-01297-LJO-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR COURT TO APPOINT EXPERT WITNESS<br>(ECF No. 39) |

**I.     Procedural Background**

Plaintiff Michael Vincent Cisneros ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's complaint against Defendant Neubarth for deliberate indifference to Plaintiff's medical needs in violation of the Eighth Amendment.

On July 23, 2014, Plaintiff filed the instant motion for the appointment of an expert witness. (ECF No. 39.) Defendant Neubarth did not respond and the motion is deemed submitted. Local Rule 230(l).

**II.     Discussion**

Plaintiff moves for the appointment of an expert witness. Specifically, Plaintiff requests that the Court appoint an eye doctor/physician to address whether (1) Gabapentin's side effects of blurred

1

vision and blindness apply to the type of blurred vision/beginning stages of blindness that Plaintiff is experiencing; and (2) the cost impact on Plaintiff's life due to blurred vision. Plaintiff contends that Defendant Neubarth is a licensed medical doctor that will testify to his medical expertise and therefore "it[']s only fair Plaintiff have a Licensed doctor who can give his Testamony [sic], on Plaintiff[']s behalf." (ECF No. 39, p. 1.) Plaintiff reports that a licensed doctor can offer medical expertise and scientific information as to medical side effects.

The court has the discretion to appoint an expert pursuant to Federal Rule of Evidence 706(a). In relevant part, Rule 706 states that "[o]n a party's motion or on its own, the court may order the parties to show cause why expert witnesses should not be appointed. . . ." Fed. R. Evid. 706(a); Walker v. American Home Shield Long Term Disability Plan, 180 F.3d 1065, 1071 (9th Cir. 1999). Pursuant to Rule 702, "a witness who is qualified as an expert by knowledge, skill, experience, training or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue. . . ." Fed. R. Evid. 702. While the court has the discretion to appoint an expert and to apportion costs, including apportionment of costs to one side, Fed. R. Evid. 706; Ford ex rel. Ford v. Long Beach Unified School Dist., 291 F.3d 1086, 1090 (9th Cir.2002); Walker, 180 F.3d at 1071, where the cost would likely be apportioned to the government, the court should exercise caution.

Based on Plaintiff's representations, it appears that Plaintiff seeks the appointment of an eye doctor to provide testimony on his behalf. However, Rules 706 and 702 are not a means to avoid the in forma pauperis statute and its prohibition against using public funds to pay for the expenses of witnesses. Manriquez v. Huchins, 2012 WL 5880431, *12 (E.D. Cal. 2012). Rule 706 also does not contemplate court appointment and compensation of an expert witness as an advocate for Plaintiff. Id. at *14 (purpose of a court-appointed expert is to assist the trier of fact, not to serve as an advocate); Brooks v. Tate, 2013 WL 4049043, *1 (E.D. Cal. Aug. 7, 2013) (avoiding bias or otherwise assisting one party is not the purpose of Rule 706); Gorrell v. Sneath, 2013 WL 3357646, * 1 (E.D. Cal. Jul. 3, 2013) (purpose of court-appointed expert is to assist the trier of fact, not to serve as an advocate for a particular party).

There is no indication that a neutral expert will be required to assist the trier of fact in this matter. Plaintiff's allegations of deliberate indifference to a serious medical need are not so complicated as to require the appointment of an expert witness to assist the court and/or a jury. See, e.g., Montanez v. Gonzalez, 2013 WL 6048132, *1 (E.D. Cal. Nov. 14, 2013); Wilds v. Gines, 2011 WL 737616, *4 (N.D. Cal. Feb. 23, 2011); Lopez v. Scribner, 2008 WL 551177, *1 (E.D. Cal. Feb. 27, 2008). Further, there is no indication that Defendant Neubarth will be unable to provide testimony, under oath, regarding the reported side effects of Gabapentin.

### III. Conclusion and Order

For the reasons stated, Plaintiff's motion for the court to appoint an expert witness, filed on July 23, 2014, is HEREBY DENIED.

IT IS SO ORDERED.

Dated: **August 15, 2014**     /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE