UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL VINCENT CISNEROS, | Case No.: 1:11-cv-01297-LJO-BAM PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR WRITTEN DEPOSITION |
| v. | (ECF No. 41) |
| DR. M. DHAM, et al., | |
| Defendants. | |

**I.    Background**

Plaintiff Michael Vincent Cisneros ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's complaint against Defendant Neubarth for deliberate indifference to Plaintiff's medical needs in violation of the Eighth Amendment.

On October 1, 2013, the Court issued a Discovery and Scheduling Order, which set the deadline to complete discovery as June 1, 2014. (ECF No. 23.)

On December 30, 2013, Plaintiff filed a motion requesting an extension of all deadlines in this matter. (ECF No. 29.) On January 3, 2014, the Court denied the motion, but informed Plaintiff that he could renew his motion in the future if, despite his diligence, he was unable to meet a particular deadline in the Discovery and Scheduling Order. (ECF No. 30.)

1

On August 4, 2014, Plaintiff filed the instant motion requesting leave to conduct a written deposition of Defendant Neubarth pursuant to Federal Rule of Civil Procedure 31.  Plaintiff contends that he discovered the availability of a written deposition on July 30, 2014.  He has submitted a proposed set of twelve (12) deposition questions.  (ECF No. 41.)

Defendant Neubarth did not file an opposition and the motion is deemed submitted.  Local Rule 230(l).

**II.     Motion for Written Deposition**

Although Plaintiff seeks leave to take the deposition of Defendant Neubarth by written question, the deadline to complete all discovery expired on June 1, 2014.  As such, Plaintiff must obtain a modification of the Discovery and Scheduling Order before he can depose Defendant Neubarth by any means.

Pursuant to Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  The "good cause" standard "primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  The district court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." Id.  If the party was not diligent, the inquiry should end. Id.

Plaintiff contends that he discovered he could submit written deposition questions on July 30, 2014.  However, Plaintiff does not explain how he discovered this information or why he was unable to discover this information prior to the expiration of the discovery deadline.  Plaintiff also does not explain why he could not obtain answers to his questions by written interrogatories directed to Defendant Neubarth before the discovery deadline.  According to the Court's docket, Plaintiff served Defendant Neubarth with interrogatories on October 23, 2013. (ECF No. 27.)  As Plaintiff has not demonstrated diligence, the Court does not find good cause to modify the Discovery and Scheduling Order to allow for a written deposition of Defendant Neubarth.

///

**III.     Conclusion and Order**

For the reasons stated, Plaintiff's motion for written deposition, filed on August 4, 2014, is HEREBY DENIED.

IT IS SO ORDERED.

Dated:     **August 26, 2014**                    /s/ *Barbara A. McAuliffe*
                                                                       UNITED STATES MAGISTRATE JUDGE